972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Willie J. BLOCKER, Defendant-Appellant.
 No. 91-7037.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 30, 1992
Decided: July 29, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Willie J. Blocker, Appellant Pro Se.
 Gordon Dean Kromberg, Office of the United States Attorney, for Appellee.
 E.D.Va.
 REMANDED.
 Before HALL, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Willie Blocker was convicted of one count of making false statements in contravention of 18 U.S.C. § 1001 (1988). The district court sentenced him to ninety days imprisonment and two years of supervised release, a sentence that fell within the applicable guidelines range. The district court's judgment order was entered on December 21, 1990. Although Blocker was represented by retained counsel at trial, he noted an appeal of his conviction without the assistance of an attorney. The notice of appeal was dated January 30, 1991, and was filed February 4, 1991.
 
 
 2
 The issue before the Court is whether we have jurisdiction over Blocker's appeal of his conviction. The notice of appeal was dated forty days after the district court's order and was filed forty-five days after the order.* Rule 4(b), Fed. R. App. P., provides that a criminal conviction must be appealed within ten days after the district court's judgment and commitment order. The district court may, upon a showing of excusable neglect, with or without a motion for extension of time, extend the time for filing a notice of appeal by thirty days. Fed. R. App. P. 4(b); United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985).
 
 
 3
 In this case, Blocker's notice of appeal was dated January 30, 1991, the last day of the excusable neglect period; he was incarcerated at the time he noted the appeal. Under Houston v. Lack, 487 U.S. 266 (1988), the notice of appeal is considered filed when it is given to prison officials for mailing. We remand the case to the district court for a factual finding of when Blocker's notice of appeal was given to prison officials for mailing. Further, if the district court finds that the notice of appeal was given to prison officials within the excusable neglect period, the court should also determine whether there was excusable neglect justifying Blocker's delay in noting an appeal. See United States v. Reyes, 759 F.2d at 353-54 (appeal may be remanded for determination of excusable neglect when such neglect is not apparent from the face of the record; motion for extension of time to appeal not prerequisite to district court's excusable neglect determination in direct criminal appeal).
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 REMANDED
 
 
 *
 Blocker moved for reconsideration of his sentence on January 17, 1991; the district court denied the motion. Because Blocker's motion for reconsideration of the sentence was filed seventeen days after the expiration of the appeal period, the time to appeal was not tolled by the motion for reconsideration. Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364-65 (4th Cir.), cert. denied, 474 U.S. 818 (1985)